UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAILOR MUSIC, et. al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TWISTER'S IRON HORSE SALOON, )<br>L.C., APRIL TWIST, and DOUGLAS )<br>WALKER )<br>)<br>Defendants. ) | Case No. 4:10CV01110 AGF |

## **MEMORANDUM AND ORDER**

On August 10, 2010, the Clerk's Office entered default against Defendant Twister's Iron Horse Saloon, L.C. ("Twister's"), in this copyright infringement action for the unauthorized public performance of Plaintiffs' copyrighted musical compositions. On May 31, 2011, the Court entered judgment as to liability against Defendant Douglas Walker, as a sanction for his wilful failure to comply with discovery. Now before the Court is Plaintiffs' motion for default judgment against Twister's, and for judgment as to relief against Walker. The third Defendant in the case, April Twist, has been voluntarily dismissed by Plaintiffs.

Plaintiffs seek, pursuant to 17 U.S.C. §§ 504-05, an injunction against Twister's and Walker restraining future infringement, and statutory damages of $40,000 ($10,000 per infringement), attorney's fees, and costs, all to be imposed jointly and severally against Twister's and Walker. For the reasons set forth below, the motion shall be substantially granted, and final judgment entered in the case.

## BACKGROUND

The record establishes the following: The six named Plaintiffs are the owners of the copyrights of the four musical compositions listed in the complaint. Plaintiffs granted the American Society of Composers, Authors, and Publishers ("ASCAP") a nonexclusive right to license public performances of the compositions. ASCAP is a performing rights licensing organization that licenses a variety of music users, including establishments such as Twister's, whose owners wish to publicly perform copyrighted songs in the ASCAP repertory. Walker was a managing member of Twister's.

Despite repeated notices from ASCAP beginning in May 2006 of the need to have a license to publically perform compositions in ASCAP's repertory, Walker and Twister's willfully and knowingly infringed on Plaintiffs' copyrights on July 15, 2009, by publically performing the compositions in question. Had proper licensing agreements been obtained for Twister's, the total license fees that would have been due for an ASCAP license would have been $17,059.20 from May 2006 through December 2010.

Plaintiff expended $14,649.50 in attorney's fees in pursuing this action, and $582.40 in costs for the filing fee, service fee, and photocopies.

## DISCUSSION

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of

plaintiff's right to recover") (citation omitted).  Thus, the only issue before the Court as to both Twister's and Walker is the proper relief to which Plaintiffs are entitled.

A copyright owner may elect to recover an award of statutory damages instead of actual damages and lost profits. 17 U.S.C. § 504(c)(1).  For each non-innocent infringement, the court must award "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  If "the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.* § 504(c)(2).

"Within these statutory limits, the assessment of damages lies within the court's sound discretion and sense of justice."  *Halnat Publ'g Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933, 937 (D. Minn. 1987).  "Among the factors to be considered in awarding statutory damages are: (1) the expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by plaintiffs; and (3) whether the infringement was willful and knowing or accidental and innocent."  *Cross Keys Publ'g Co. v. LL Bar T Land & Cattle* Co., 887 F. Supp. 219, 224 (E.D. Mo. 1995).  "Courts generally agree that statutory damages should exceed unpaid licensing fees to emphasize that it costs less to obey the copyright laws than to violate them."  *Lorimar Music A. Corp. v. Black Iron Grill Co.*, No. 09-6067-CV-SJ-FJG, 2010 WL 3022962, at *2-3 (W.D. Mo. July 29, 2010) (awarding statutory damages of $10,400, or $1,300 per infringement, where licensing fees for the approximately two and one half years surrounding the two days when infringements occurred would have cost $10,241.00) (citation omitted).

"'Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable.'" *Cross Keys Publ'g Co.,* 887 F. Supp. at 222 (holding that the corporation that owned and operated the establishment where infringement performances occurred, as well as individuals managing the establishment, were jointly and severally liable for infringement damages); *see also Lorimar Music A. Corp.*, 2010 WL 3022962, at *5. Here the Court concludes that an award of statutory damages of $7,000 for each infringement, for a total of $28,000, is reasonable. *Cf. Universal-Polygram Intern. Publ'g, Inc. v. Prairie Broadcasting Co.*, No. 09-CV-0576 (PJS/RLE), 2009 WL 2407206, at *1 (D. Minn. Aug. 3, 2009) (awarding $52,500 in statutory damages against a radio station for airing seven ASCAP songs, one time each, without a licence to do so, in willful violation of the plaintiffs' copyrights).

Pursuant to 17 U.S.C. § 502(a), the Court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Once liability is established, "courts will grant permanent injunctions if there is a substantial likelihood of future infringements." *Cross Keys Publ'g Co.*, 887 F. Supp. at 223. "Further, to prevent future infringements of copyrights held by ASCAP members, courts have extended the injunction's scope beyond individual plaintiffs' copyrights to reach any musical composition licensed through ASCAP." *Id*. (citation omitted). The Court finds that an injunction, as set forth below, is appropriate here because the evidence, including Twister's and Walker's conduct in this lawsuit, suggests that they might continue to disregard the legal requirement to obtain a license to publically perform copyrighted musical compositions.

Plaintiffs also request attorney's fees under 17 U.S.C. § 505, which allows the court in its discretion to award "full costs" and "a reasonable attorney's fee" to the prevailing party in a copyright infringement action. Counsel for Plaintiffs has submitted an affidavit detailing the amount of time spent in preparing and prosecuting this case and the amounts charged therefor, for a total of $14,649.50. The Court finds the time spent and the amounts charged are reasonable, however the Court notes that Plaintiffs have not separated out time spent exclusively on the case against the third Defendant noted above. The Court's review of the record suggests that it would be fair to attribute $2,000 of the fees requested to work related only to the third Defendant, and will award Plaintiffs $12,649.50 in fees against Twister's and Walker. The Court will grant Plaintiffs' request for costs. *See generally, Universal-Polygram Intern. Publ'g, Inc.,* 2009 WL 2407206, at *1 (D. Minn. Aug. 3, 2009) ("Given that defendants' infringement occurred in the face of warnings from ASCAP, and given that [defendants] could have avoided infringement by renewing their license with ASCAP, the Court finds that plaintiffs should recover attorney's fees and costs and substantial statutory damages, and that plaintiffs are entitled to an injunction . . . .").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Twister's Iron Horse Saloon, L.C, and for final judgment against Defendant Douglas Walker, jointly and severally, is **GRANTED** in the amount of $28,000 in statutory damages, $12,649.50 in attorney's fees, and $582.40 in costs, for a total of $41,231.90. (Doc. No. 42)

**IT IS FURTHER ORDERED** that Defendants Twister's Iron Horse Saloon, L.C, and Defendant Douglas Walker are permanently enjoined from performing publically any copyrighted musical composition in the repertory of ASCAP without proper license or authorization.

All claims against all parties having been resolved, a final Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2011.